IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM OHLS,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
        vs.                                      )   Civil Action No.  2:13-1277
                                                 )
CAROLYN COLVIN, Acting Commissioner              )
of Social Security,                              )
                                                 )
                    Defendant.                   )
                                                 )

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment. (Docket Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 13 and 15). Plaintiff also has filed a Reply Brief. (Docket No. 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 14) and denying Plaintiff's Motion for Judgment on the Pleadings. (Docket No. 12).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about July 14, 2010. (R. 172-73, 213-20). In his applications, he alleged that since December 15, 2005, he had been

1

disabled due to mental illness. (R. 213-20, 236). Administrative Law Judge ("ALJ") Leslie Perry-Dowdell held a hearing on December 12, 2011, at which Plaintiff was represented by counsel. (R. 89-116). Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. (R. 112-16). In a decision dated January 10, 2012, the ALJ found that Plaintiff was capable of performing past relevant work as a laborer and painter, or, alternatively, that other jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 74-84). Therefore, she concluded that Plaintiff was not disabled under the Act. Id. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on July 8, 2013, the Appeals Council denied Plaintiff's request for review. (R. 1-4). Having exhausted all of his administrative remedies, Plaintiff filed this action.

Plaintiff has filed a Motion for Judgment on the Pleadings and Defendant has filed a Motion for Summary Judgment. (Docket Nos. 12 and 14). The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by

2

treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).

3

Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER THE ALJ PROPERLY SUPPORTED HIS MENTAL RESIDUAL FUNCTIONAL CAPACITY FINDING WITH SUBSTANTIAL RECORD EVIDENCE**

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, and that he was able to remember and carry out one-two step instructions, perform simple, routine, repetitive tasks free of fast paced production, few workplace changes, and requiring only simple work-related decisions. Additionally, Plaintiff should be isolated from the public and have only occasional interaction with co-workers as well as occasional supervision. (R. 78). Plaintiff argues that this RFC finding is deficient because the ALJ improperly rejected the opinion of Social Security Administration consultative examiner, Thomas M. Eberle, Ph. D., in favor of non-examining state agency review physician Jan Melcher, Ph. D. Pl.'s Br. [ECF No. 13] at 13-19. This argument is without merit.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 404.1527(c)(1); 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual

examinations, such as consultative examinations or brief hospitalizations." Id. §§ 404.1527(c)(2); 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. Id. Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient/physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. Id. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." Id. §§ 404.1527(c)(4); 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Social Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See 20 C.F.R. §§ 404.1527(d)(1), (3);

416.927(d)(1), (3); Dixon v. Comm'r of Social Security, 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Security, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008). In the present case, I find that the ALJ met this standard.

Plaintiff argues that the ALJ erred in assigning one-time consultative examiner Eberle's opinion that Plaintiff suffered certain moderate to marked limitations[1] little weight because that opinion was amply supported by Dr. Eberle's own findings as well as the other evidence of record. I disagree. The ALJ rejected Dr. Eberle's opinion because it was inconsistent with the record as a whole, including Dr. Eberle's own mental status evaluation. (R. 80). This is an appropriate reason for giving an opinion little weight. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); 20 C.F.R. §§ 404.1527 and 416.927.

Upon review of the record, I find that substantial evidence supports the ALJ's opinion in this regard. For example, the ALJ noted that Dr. Eberle's mental status evaluation of Plaintiff found him alert and oriented in all three spheres, in good contact with routine aspects of reality

---

[1] Dr. Eberle opined that Plaintiff was moderately limited in his ability to interact appropriately with the public and "moderately to markedly" limited in his ability to interact with supervisors; interact appropriately with co-workers; respond appropriately to work pressures in a usual work setting; and respond appropriately to changes in a routine work setting. (R. 418). Dr. Eberle noted that these limitations were the result of Plaintiff's anger, explosive disorder, and willful misconduct, and not of his depression. (R. 391, 418). Dr. Eberle found that Plaintiff's mental impairments did not limit his ability to understand, remember, and carry out instructions or make judgments on simple work-related decisions. (R. 418).

and showed no signs or symptoms of psychosis. (R. 80, citing Exs. 6F and 10F). The ALJ further explained that this finding was consistent with Plaintiff's treating physician records which reflected that Plaintiff appeared alert and oriented with intact thought processes; could adequately recall important events, dates, names, etc.; and could respond to questions appropriately and with reasonable intelligence. (R. 80, citing Exs. 11F and 14F). Although the treating provider records acknowledge Plaintiff's anger issues, bipolar disorder, and difficulty being around people, the records do not support Dr. Eberle's conclusion that these mental issues would preclude Plaintiff from all substantial gainful employment and, in particular, the jobs within the parameters of the ALJ's RFC. None of Plaintiff's providers at Mercy Behavioral Health opined that Plaintiff was unable to work. Rather, the treatment records indicate that Plaintiff was making progress with some of his problems and showing some improvement with individual therapy and medication management. Id. The treatment notes also reflected that Plaintiff was looking for work; worked at a temporary roofing job in July 2010; and was working part time at a pizza shop in November, 2011. Id. Indeed, on multiple occasions, Plaintiff's treating providers indicated that Plaintiff reported that working gets him out of the house, keeps him active, reduces stress, and improves his self-esteem. (R. 477-78, 491, 493).[2]

Other evidence cited by the ALJ as inconsistent with Dr. Eberle's findings includes Plaintiff's activities of daily living as well as the opinion of state agency physician Jan Melcher, Ph.D. (R. 80-82).[3] With respect to daily activities, Plaintiff reported that, as of August 4, 2010, he was living in a house with his family; taking care of his young daughter; doing house and yard

---

[2] The ALJ did not disregard entirely Plaintiff's difficulties dealing with co-workers, authorities, and other individuals. Rather, the ALJ incorporated numerous limitations related to those difficulties in his RFC finding. See R. 78 (limiting Plaintiff to jobs isolated from the public and involving only occasional supervision and interaction with co-workers).

[3] The ALJ also remarked that Dr. Eberle's opinion of total disability was an ultimate issue reserved for the Commissioner to decide. (R. 80, citing S.S.R. 96-5p).

7

work; getting around by riding a bicycle, walking and using public transportation; shopping for food, games, and clothes in stores; paying bills and managing his finances; and enjoying hobbies such as paintball and playing games. (R. 81-82, citing Ex. 6E). State agency physician Melcher reviewed the evidence of record as of October 6, 2010 and concluded that Plaintiff's impairments would not preclude him from meeting the basic mental demands of competitive work on a sustained basis. (R. 393-410, Exs. 6F, 7F). Dr. Melcher reviewed Dr. Eberle's report and concluded that it was primarily based on Plaintiff's subjective complaints; was inconsistent with the totality of evidence in the file; and overestimated the severity of Plaintiff's functional restrictions. (R. 395-96). The ALJ acknowledged that Dr. Melcher's non-examining opinion was not entitled to controlling weight, but noted that the opinion assisted him in reaching his RFC conclusion. (R. 80-81).[4] Because the ALJ adequately explained his reasons for rejecting Dr. Eberle's opinion and identified significant examples of record evidence inconsistent with and contrary to that opinion, I find no error on this issue.

Plaintiff argues that the ALJ erred in "siding with" Dr. Melcher's non-examining opinion over Dr. Eberle's opinion and the opinion of Plaintiff's treating sources. Pl.'s Br. [ECF No. 13], at 17-19. This argument is unpersuasive. It is well-established that state agency physicians and psychologists are considered to be "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation," and the ALJ must consider their findings as

---

[4] Dr. Melcher opined that Plaintiff had mild restriction of his activities of daily living; moderate difficulties in maintaining social functioning and maintaining concentration, persistence, and pace; and no repeated episodes of decompensation. (R. 407). Dr. Melcher further found that Plaintiff was moderately limited in his ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions form psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; and respond appropriately to changes in the work setting. (R. 393-94).

opinion evidence. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 93 n.2 (3d Cir. 2007) (quoting 20 C.F.R. §§ 404.1527(f); 416.927(f)[5]); see also Cosby v. Comm'r of Soc. Sec., 231 F. App'x 140, 147 n.7 (3d Cir. 2007); Ferris v. Astrue, Civil No. 1:CV-07-0501, 2008 WL 417688, at *12 (M.D. Pa. Feb. 14, 2008) (state agency medical consultants' opinions are entitled to weight). Indeed, the ALJ may rely on the opinion of a state agency physician, even if that opinion is contradicted by the opinion of a treating physician, when the agency physician's opinion is consistent with the record. See Jones v. Sullivan, 954 F.2d 125, 128-29 (3d Cir. 1991). As set forth above, the ALJ in this case appropriately explained his reasons for agreeing with Dr. Melcher's conclusion that Plaintiff's mental impairments would not preclude him from meeting the basic mental demands of competitive work on a sustained basis. (R. 80, citing Exs. 7F and 8F). Also, as set forth above, Dr. Melcher adequately sets forth and supports her reasons for disagreeing with Dr. Eberle's opinion and her conclusions are not inconsistent with the other record evidence. For all of these reasons, the ALJ did not err in this regard.

In short, based on the record in this case, I find the ALJ did not err in weighing the medical opinions and other evidence. Moreover, I find that the ALJ's mental RFC finding is supported by substantial evidence. Therefore, remand is not warranted.

### III.   CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Judgment on the Pleadings is denied. An appropriate Order follows.

---

[5] 20 C.F.R. §§ 404.1527(f) and 416.927(f) were redesignated as 20 C.F.R. §§ 404.1527(e) and 416.927(e) in February, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM OHLS,

    Plaintiff,

vs.

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 2:13-1277

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 30th day of September, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered the decision of the ALJ is affirmed and Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge